PJS:MAS:all

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHRISTOPHER FURNARI, | : | Civ. No. 3:CV-12-2378 |
|     Petitioner | : | |
| | : | (Nealon, J.) |
| v. | : | |
| | : | |
| UNITED STATES PAROLE COMMISSION, | : | |
| and WARDEN, Federal Correctional | : | |
| Institution at Allenwood, Pennsylvania, | : | |
|     Respondent | : | Filed Electronically |

## EXHIBITS TO RESPONSE TO THE
## PETITION FOR WRIT OF HABEAS CORPUS

PETER J. SMITH
United States Attorney

Date: January 22, 2013

MELISSA SWAUGER
Assistant United States Attorney
Attorney I.D. No. PA82382
ANITA L. LONG
Paralegal Specialist
United States Attorney's Office
228 Walnut Street, 2nd Floor
P.O. Box 11754
Harrisburg, PA 17108-1754
Phone: (717)221-3382
Facsimile: (717)221-2246

# Index

Notice of Action ................................................................................................. Ex. 1

Notice of Action on Appeal ............................................................................... Ex. 2

Hearing Summary .............................................................................................. Ex. 3

Notice of Action ................................................................................................. Ex. 4

Notice of Action on Appeal ............................................................................... Ex. 5

## CERTIFICATE

I, SHARON GERVASONI, Assistant General Counsel, United States Parole Commission, 5550 Friendship Boulevard, Chevy Chase, Maryland, 20815, certify that the attached documents are true copies of documents contained in the parole file of **Christopher Furnari**, Register Number **19815-054**, reviewed by me on the date stated below.

IN WITNESS WHEREOF, I have signed this 15th day of January, 2013, and have affixed the seal of the United States Parole Commission.

Sharon Gervasoni
Assistant General Counsel
U.S. Parole Commission



U.S Department of Justice  
United States Parole Commission  
5550 Friendship Boulevard  
Chevy Chase, Maryland 20815-7201

**Notice of Action**

Name: FURNARI, Christopher

Register Number: 19815-054                    Institution: Allenwood FCI

In the case of the above-named parole action was ordered:

Continue to a 15 Year Reconsideration Hearing (December 2011).

REASONS:

Your offense behavior has been rated as Category Eight severity because it involved murder and multiple separate extortion through racketeering offenses. Your salient factor score (SFS-95) is 8. You have been in federal confinement as a result of your behavior for a total of 121 months as of 12/15/96. Guidelines established by the Commission indicate a range of 100+ months to be served before release for cases with good institutional adjustment and program achievement. After review of all relevant factors and information presented, a decision more than 48 months above the minimum guidelines is warranted because you were involved in the hierarchy, first as a Capo and later as Consigliere of a major organized crime organization and were involved either directly in the planning or approval of the murders of numerous individuals.

As required by law, you have also been scheduled for a statutory interim hearing during December 1998.

SALIENT FACTOR SCORE (SFS-95): Your salient factor score items have been computed as shown below. For an explanation of the salient factor score items, see the reverse side of this form.

ITEM A[ 1 ]; B[ 1 ]; C[ 2 ]; D[ 1 ]; E[ 1 ]; F[ 1 ]; G[ 1 ]  Total[ 8 ]

Appeals Procedure:  
The above decision is appealable to the National Appeals Board under 28 C.F.R. 2.26:

January 8, 1997                                                    Docket Clerk: dlw

Exhibit _DLW 1_

Page 1 of 1

U.S. Department of Justice  
United States Parole Commission  
5550 Friendship Boulevard  
Chevy Chase, Maryland 20815-7201

NOTICE OF ACTION ON APPEAL

---

NAME: Furnari, Christopher    REG. NO. 19815-054    INST: Allenwood FCI

---

The National Appeals Board examined the appeal of the above named and ordered the following:

Affirmation of the previous decision.

RESPONSE:

You have properly been held accountable for murders committed to further the purposes of the Luchese or other crime families. At a minimum, as the capo of a crew in the Luchese family, you were in a position to be informed of murders ordered by the boss of the family. Given the hierarchical nature of the organization, it is likely that you directed the murderous acts of your crew members. And, in fact, the Parole Commission finds the information from the U.S. Attorney's Office on your personal responsibility for several of the murders (victims Schliefer, Taglianetti, and DeCicco) and attempted murder (victim Abinanti) to be credible and reliable, even though much of the information may have come from Anthony Casso, one of the most violent members of your organization. Reliable information on crimes committed through La Cosa Nostra activities has been provided by members of the criminal organization, including those who have committed violent crimes. Even if Casso has continued to commit or plot other crimes after his debriefing by federal law enforcement, this does not disqualify him as a reliable source concerning your criminal activities within the Luchese family. In many cases, Casso's information is corroborated by information from other sources such as Carew and D'Arco.

Your parole denial is warranted because you approved or participated in the planning of a contract murder (Taglianetti), the murder of a potential informant/witness (Schliefer), and a murder and attempted murder to further the aims of an on-going criminal organization (DeCicco and Abinanti, respectively). Any one of these crimes would support a parole denial. There are no mitigating factors, including your age, that justify your parole when weighed against the aggravated nature of the crimes.

Neither due process, parole statutes nor parole regulations require that you be granted access to reports which have not been provided to the Parole Commission for its consideration. Therefore, you are not entitled to discovery of source materials that the U.S. Attorney's Office may have used to prepare letters recommending against your parole.

You have failed to show that the Parole Commission cannot fairly decide your appeal simply because the same Assistant U.S. Attorney who opposed your parole at your hearing made a general presentation on the topic of organized crime to agency members and staff two months after the initial decision in your case. There is also no evidence that any procedures were violated in the Assistant

---

August 19, 1997              National Appeals Board              Docket Clerk: dmj



Exhibit 2

U.S. Department of Justice            NOTICE OF ACTION ON APPEAL
United States Parole Commission
5550 Friendship Boulevard
Chevy Chase, Maryland 20815-7201

NAME: Furnari, Christopher     REG. NO. 19815-054     INST: Allenwood FCI

U.S. Attorney's representation of his office's views in the course of the parole determination.

All decisions by the National Appeals Board on appeal are final.

August 19, 1997              National Appeals Board              Docket Clerk: dmj

Exhibit

## HEARING SUMMARY

**Name:** Furnari, Christopher                                    **Reg No:** 19815-054

**Hearing Parameters**

    Hearing Format............................: **In Person**
    Hearing Type...............................: **15-Year Reconsideration**
    Hearing Date...............................: October 26, 2011
    Examiner......................................: Mark A. Tanner
    Institution....................................: Allenwood FCI-Low

**Sentence Parameters**

    Sentence Type..............................: **Federal**
    MR/Statutory Release..................: 7/16/2053
    Full Term Date............................: 11/15/2086
    Months in Custody.....................: 300 as of 11/13/2011
    Fines/Restitution/Assessment.......: N/A
    Detainer........................................: None

**Additional text regarding the above parameters:** The subject is serving a 100 year sentence for Racketeering, Racketeering Conspiracy and Extortion.

**Prior Action & Institutional Factors**

**Prior Action:** See the Prehearing Assessment dated October 11, 2011 by Mark Tanner.

---

**Codefendants:** There are seven codefendants see the Prehearing Assessment dated 10/11/2011, for full details.

**Victim Information:** There are no victims registered for notification in the Victim/Witness Program.

**Representative & Representative's Statement:** Attorney Flora Edwards at 115 Broadway Street, Suite 1506, New York, NY 10006; telephone (732) 208-1408. He attended today's hearing and stated the subject is of advanced age at 87 has multiple health problems and certainly should be paroled if for no other reasons that humanitarian grounds. Further, she stated the offense he was convicted of Extortion, and the unusual lengthy sentence that he received is unusual and the subject has served a quarter century for his Extortion conviction. She believes that is excessive to have to serve that much time and she presented information with ten additional cases showing those convicted of similar offenses received at least half of the amount of time that Mr. Furnari received and has served.

The subject introduced information which the Commission already had from an Assistant AUSA who originally prosecuted the case in that they had retracted their statements that Mr. Furnari was a member of the commission and in fact he was not a member of the Organized Crime Commission in which the five families were involved and he was strictly involved of extortion and the witness, Mr. ~~Kaso~~ Casso was deemed not credible.

**Prisoner's Statement:** Mr. Furnari stated that he is 87 years old and has multiple health problems is in a wheelchair most of the time and would like to go home and die in peace.

**Discipline:** None.

**Program Achievement:** None.

**Release Plans:** The subject plans to live with his wife, Tomasina Furnari at 214 Seicher Street, Staten Island, NY 10312.

## Guideline Parameters, Evaluation & Recommendation

**Severity Justification:** Category Eight because it involved murder, conspiracy to commit murder and multiple acts of extortion through racketeering offenses.

**Salient Factor Score:** 8

2.20 Guideline Range: .................................... 100+

**Evaluation:** Christopher Furnari is an 87 year old male offender appearing before the Commission for a 15-Year Reconsideration Hearing. He was a ~~copar~~ capo in the Lucchese Corn Family which was involved in murders, extortion and racketeering. It should be noted that he was convicted of Extortion, Racketeering, and Conspiracy to Commit Racketeering which involved Murders that he may have known about but did not participate in. Hence the Category Eight rating of his offense. The subject has maintained clear conduct during his entire period of his incarceration and has done some programming but never completed his GED. The subject is assigned a work detail but it is hard to believe that he does much in the way of work because he is a pretty frail old man and appears to weigh about 100 pounds.

During today's hearing his attorney highlighted his multiple medical problems and I believe it is in the Commission's best interest to recommend the subject be paroled at this time as I don't believe he is going to live much longer based on his physical appearance and list of medical ailments. Additionally, I believe the subject should be paroled based on the amount of time he served and specifically he has engaged in some programming and maintained clear conduct.

**Recommendation:** Parole effective 1/12/2012, after the service of 302 months.

**Conditions:** Standard conditions no special ones.

**Statutory Interim Hearing:** N/A.

**Guideline Use:** A departure from the guidelines at this consideration is not warranted.

**Additional Text:** None.

[Signature]

MAT/PAH
November 29, 2011

**Executive Reviewer's Comments:** Examiner Pacholski, dated 12/2/11; I disagree with the Hearing Examiner's recommendation to grant a parole effective date of 1/12/12, after the service of 302 months. The Hearing Examiner explains that our subject's age, medical ailments, and his non participation in the actual murders indicates parole should be granted at this time. I disagree with the Examiner to parole our subject at this time and believe a fifteen year reconsideration hearing is appropriate.

I believe that the file material in Furnari's case supports a finding by the preponderance of the evidence that, in rating the severity of his offense behavior and assessing his suitability for release on parole, that the he be held accountable for the murders of Lee Schliefer, the conspiracy to murder Richard Taglianetti and Frank Decicco. Mr. Schliefer was a prospective witness to provide testimony against the criminal activity of an organized crime organization of which Furnari was a high ranking official. Though he did not actually commit these acts himself, Furnari played an active role in the planning of these acts. The Commission has previously considered material that was presented by Furnari at the hearing. I believe the file information supports holding him accountable for the above criminal acts.

The examiner has cited Furnari's age and deteriorating health as bases for his parole recommendation. I believe that a parole grant at this time would minimize the seriousness of the offense and promote disrespect for the law. The subject's age and health issues do not mitigate the offense behavior. He is the type of offender who has others carry out acts of violence and, for that reason, continues to pose a risk to the community.

I recommend this case be designated as original jurisdiction.

**Recommendation:** Continue to a fifteen year reconsideration hearing in October 2026.

**Conditions:** None.

**Statutory Interim Hearing:** 10/2013

**Guideline Use:** The Commission finds that a decision more than 48 months above the guideline minimum of 100 months is warranted based on the following pertinent case factors: You were a high-ranking member of an organized crime family and the Commission finds that you are responsible for the conspiracy to commit multiple murders (including those of Lee Schleifer, Richard Taglianetti and FrankDeCicco) and attempted murder (Abinanti) in furtherance of the criminal conspiracy. These crimes are aggravated by the fact that they were committed in furtherance of the aims of a criminal organization and that one of the victims was a prospective prosecution witness and another of the murders was a contract murder. The Commission recognizes your current age and health concerns. However, notwithstanding these factors, the Commission finds that a grant of parole at this time would minimize the seriousness of the offense and promote disrespect for the law.

U.S. Department of Justice                              Notice of Action
United States Parole Commission
90 K Street, N.E., 3rd Floor
Washington, D.C. 20530

---

Name: FURNARI, Christopher                    Institution: Allenwood FCI-Low

Register Number: 19815-054                    Date: January 20, 2012

---

As a result of the hearing conducted on October 26, 2011, the following action was ordered:

Continue to a 15-Year Reconsideration Hearing in October 2026.

**REASONS:**

Your offense behavior has been rated as Category Eight severity because it involved Murder, Conspiracy to Commit Murder and Multiple Acts of Extortion through Racketeering offenses. Your salient factor score is 8. See the attached sheet for an explanation of your individual Salient Factor Score items. The table at the bottom presents the points for Salient Factor Score Item C. You have been in federal confinement as a result of your behavior for a total of 300 months as of 11/13/2011. Guidelines established by the Commission for the above offense behavior indicate a range of 100+ months to be served before release for cases with good institutional adjustment and program achievement. After review of all relevant factors and information presented, a decision exceeding the lower limit of the applicable guideline category by more than 48 months is warranted based on the following pertinent aggravating case factors. You were a high-ranking member of an organized crime family and the Commission finds that you are responsible for the conspiracy to commit multiple murders (including those of Lee Schleifer, Richard Taglianetti and Frank DeCicco) and attempted murder (Abinanti) in furtherance of the criminal conspiracy. These crimes are aggravated by the fact that they were committed in furtherance of the aims of a criminal organization and that one of the victims was a prospective prosecution witness and another of the murders was a contract murder. The Commission recognizes your current age and health concerns. However, notwithstanding these factors, the Commission finds that a grant of parole at this time would minimize the seriousness of the offense and promote disrespect for the law.

You have also been scheduled for a statutory interim hearing during October 2013.

The above is an original jurisdiction decision, and is appealable to the Commission under 28 C.F.R. 2.27.

You may obtain appeal forms from your caseworker or supervising officer and they must be filed with the Commission within thirty days of the date this Notice was sent.

Copies of this Notice are sent to your institution and to your supervising officer. In certain cases, copies may also be sent to the sentencing court. You are responsible for advising any others you wish to notify.

cc:    U.S. Probation Office
       Southern District of New York
       500 Pearl Street, 7th Floor
       New York, NY 10007-1312

---

FURNARI 19815-054                             -1-                         Clerk: MDR
Queued: 01-20-2012 10:04:18 BOP-Allenwood FCI-Low | BOP-Designation & Sentence Computation Ctr | USPO-Southern District of New York, 1 - Main (NYC) |

**Exhibit** 4



Designation & Sentence Computation Ctr
U.S. Armed Forces Reserve Complex
Grand Prairie Office Complex
346 Marine Forces Drive
Grand Prairie, TX  75051

Flora Edwards
Attorney at Law
115 Broadway Street, Suite 1505
New York, NY  10006



## SALIENT FACTOR SCORE (SFS-98)

| Your Pts | Salient Factor Score (SFS-98) Item Explanations |
|---|---|
| 1 | A - Prior convictions/adjudications (adult or juvenile) None = 3; One = 2; Two or three = 1; Four or more = 0 |
| 1 | B - Prior commitments of more than thirty days (adult or juvenile) None = 2; One or two = 1; Three or more = 0 |
| 3 | C - Age at commencement of the current offense/prior commitments of more than thirty days (adult or juvenile) (see table below for an explanation) |
| 1 | D - Recent commitment free period (three years)<br>No prior commitment of more than thirty days (adult or juvenile), or released to the community from last such commitment at least three years prior to the commencement of the current offense = 1; Otherwise = 0 |
| 1 | E - Probation/parole/confinement/escape status violator this time<br>Neither on probation, parole, confinement, or escape status at the time of the current offense; nor committed as a probation, parole, confinement or escape status violator this time = 1; Otherwise = 0 |
| 1 | F - Older offenders<br>If the offender was 41 years or more at the commencement of the current offense (and the total score from Items A-E above is 9 or less) = 1; Otherwise = 0 |
| 8 | Salient Factor Score (SFS-98) (sum of points for A-F above) |



| Points For SFS Item C | | | |
|---|---|---|---|
| Age | Prior Commitments | | |
| | 0-3 | 4 | 5+ |
| 26 & Up | 3 | 2 | 1 |
| 22-25 | 2 | 1 | 0 |
| 20-21 | 1 | 0 | 0 |
| 0-19 | 0 | 0 | 0 |

U.S. Department of Justice                              **Notice of Action on Appeal**
United States Parole Commission
90 K Street, N.E., 3rd Floor
Washington, D.C. 20530

| | |
|---|---|
| Name: Furnari, Christopher | Institution: Allenwood FCI-Low |
| Register Number: 19815-054 | Date: August 21, 2012 |

The National Appeals Board examined the appeal of the above named and ordered the following:

Affirm the previous decision.

**REASONS:**

Your first claim in support of your petition for reconsideration is that your age and health present compelling reasons for a more lenient decision. The National Appeals Board disagrees. Even though your physical condition may limit your ability to commit further crimes yourself, your past shows that you were able to work in concert with others who committed serious offenses on your behalf.

You next claim that the Commission lacked a rational basis for its conclusion that to grant you parole would depreciate the seriousness of your offense conduct and promote disrespect for the law. The National Appeals Board finds that there are no compelling circumstances in mitigation and that there was a rational basis for the Commission's decision contained in its statement of reasons.

As to your complaint about the length of your sentence, it is the result of a wide range of criminal conduct resulting in multiple convictions and sentences. The length of your sentence has been properly considered by the federal courts and found to not be disparate or unconstitutional. Although you provide a list of persons who received shorter sentences than you did, you have not shown that their criminal records, their background and characteristics, and the circumstances of their offenses are the same as yours. The parole decision considers a combination of information related to the offender and the offense, not just a mechanical formula based upon the title of the offense.

Finally, you claim that to order a reconsideration hearing 13 years after the Commission is currently set to expire violates 18 U.S.C. § 4206. Congress has repeatedly extended the Commission's existence and the "winding up" period. You will continue to receive interim hearings, and, if Congress decides to let the Commission sunset before your scheduled reconsideration hearing, according to § 235 (b)(3) of the Sentencing Reform Act, the Commission will act before it is actually abolished to set a release date for you. Thus, there is no merit to your claim.

All decisions by the National Appeals Board on appeal are final.


cc:

U.S. Probation Office
Southern District of New York
500 Pearl Street, 7th Floor
New York, NY 10007-1312

---

Furnari 19815-054                                        -1-                          Clerk: SZG
Queued: 08-21-2012 13:16:28 BOP-Allenwood FCI-Low | USPO-Southern District of New York - Main (NYC) | FPD-
Southern District of New York, New York |                                   **Exhibit 5**

Flora Edwards
Federal Public Defenders Office
Southern District of New York
Legal Aide Society
Federal Defender Division
52 Duane Street
New York, NY 10007



IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHRISTOPHER FURNARI, | : | Civ. No. 3:CV-12-2378 |
| Petitioner | : | |
| | : | (Nealon, J.) |
| v. | : | |
| | : | |
| UNITED STATES PAROLE COMMISSION, | : | |
| and WARDEN, Federal Correctional | : | |
| Institution at Allenwood, Pennsylvania, | : | |
| Respondent | : | Filed Electronically |

### CERTIFICATE OF SERVICE BY MAIL

The undersigned hereby certifies that she is an employee in the Office of the United States Attorney for the Middle District of Pennsylvania and is a person of such age and discretion as to be competent to serve papers. That on January 22, 2013, she served a copy of the attached

### EXHIBITS TORESPONSE TO THE
### PETITION FOR WRIT OF HABEAS CORPUS

via ECF and that Flora Edwards, Esquire is a filing user under the ECF system. Upon the electronic filing of a pleading or other document, the ECF system will automatically generate and send a Notice of Electronic Filing to all filing users associated with this case. Electronic service by the Court of the Notice of Electronic Filing constitutes service of the filed document and no additional service upon the filing user is required.

Addressee:

fmelaw@aol.com

s/ Anita L. Long
ANITA L. LONG
Paralegal Specialist
