UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHRISTOPHER FURNARI, | : |
| Petitioner | : No. 3:CV-12-2378 |
| vs. | : (Judge Nealon) |
| UNITED STATES PAROLE COMMISSION, et al., | : |
| Respondents | : |

**ORDER**

**AND NOW, THIS 13th DAY OF NOVEMBER, 2014**, upon consideration of the above captioned petition for writ of habeas corpus, filed on behalf of Christopher Furnari, an inmate formerly confined in the Allenwood Federal Correctional Institution, White Deer, Pennsylvania, in which Petitioner seeks to be released from the Bureau of Prisons, (Doc. 1), and it appears from the Federal Bureau of Prisons' Inmate Locator, that on September 19, 2014, Petitioner was released from custody, see http://www.bop.gov, and that Furnari's petition for writ of habeas corpus has been rendered moot by virtue of his release from federal custody as there is no longer a live case or controversy,[1] **IT IS**

---

[1] Article III of the Constitution provides that the 'judicial Power shall extend to. . . Cases. . . [and] to Controversies." U.S. Const. art. III, §§2. This grant of authority embodies a fundamental limitation restricting the federal courts to the adjudication of 'actual, ongoing

**HEREBY ORDERED THAT:**

1. The petition for writ of habeas corpus, (Doc. 1), is **DISMISSED as moot.**

2. The Clerk of Court is directed to **CLOSE** this case.

_____
**United States District Judge**

---

cases or controversies.' Khodara Envtl., Inc. v. Beckman, 237 F.3d 186, 192-93 (3d Cir. 2001). The mootness doctrine is centrally concerned with the court's ability to grant effective relief: 'If developments occur during the course of adjudication that eliminate a plaintiff's personal stake in the outcome of a suit or prevent a court from being able to grant the requested relief, the case must e dismissed as moot.' Blanciak v. Allegheny Ludlum Corp., 77 F.3d 690, 698-99 (3d Cir. 1996). Moreover, the requirement that an action involve a live case or controversy extends through all phases of litigation, including appellate review. See Khodara Envtl., Inc., 237 F.3d at 193 (citing Lewis v. Continental Bank Corp., 494 U.S. 472 (1990).

County of Morris v. Nationalist Movement, 273 F.3d 527, 533 (3d Cir. 2001). Finally, federal habeas corpus review is available only "where the deprivation of rights is such that it necessarily impacts the fact or length of detention." Leamer v. Fauver, 288 F.3d 532, 540 (3d Cir. 2002).